**FROM: The District Court of the 18th Judicial District. County of Gallatin.**

STATE OF MONTANA,

Plaintiff,

No. DC 96-102

vs.

**AMENDED JUDGMENT AND COMMITMENT TO THE STATE PENITENTIARY**

**Frank McLaughlin,**

**Defendant.**

On July 22, 1996, it was the sentence and judgment of this court as follows: 1. The court finds the defendant guilty of Aggravated Assault, a Felony, in violation of Section 45-5-202, MCA. 2. For the offense of Aggravated Assault, a Felony, the defendant is committed to the Department of Corrections for a period of twenty-five (25) years. Twenty years for the offense of Aggravated Assault and 5 years for the use of a weapon. The Court makes no recommendation regarding placement. 3. The defendant shall pay restitution to the Crime Victims Compensation Fund in an amount to be determined by the department and the fund. 4. The Court finds the mandatory minimum sentence of two years is inapplicable in this case as the defendant was less than 18 years old at the time the offense was committed. 5. The defendant shall receive credit for two hundred twenty-eight (228) days previously served since his arrest on December 7, 1995.

On February 21, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Tara Javid, legal intern, of the Montana Defender Project. The state was not represented.

The Defendant having been duly informed of the amended judgment and commitment, and having waived his right to appear before the undersigned for this pronouncement of sentence, whereupon,

IT IS ORDERED, ADJUDGED AND DECREED that the defendant shall be committed to the Department of Corrections for a term of twenty (20) years for the offense of Aggravated Assault, a Felony. All other conditions as stated in the July 22, 1996 judgment shall remain the same as imposed.

Reasons for the amendment are because this sentence is consistent with the plea agreement. Also, the use of the enhancement is inconsistent with the sentencing judge's findings.

This judgment and sentence is to be as of the 21st day of February, 1997.

DATED this 25th day of March, 1997.

**Ted L. Mizner, District Court Judge**

**FROM: The District Court of the 4th Judicial District. County of Missoula.**